UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:                                    Chapter 7
                                                     Case. No. 03-70655-MBM
HI TECH FLEET SERVICE, INC.,                         Honorable Marci B. McIvor

        Debtor.                                      Civil Case No. 05-CV-74736
                                            /        Honorable Patrick J. Duggan

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on March 30, 2006.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                U.S. DISTRICT COURT JUDGE

This matter is before the Court on Richard Sands's *pro se* appeal from a December

2, 2005 Order and a January 3, 2006 Order of the Bankruptcy Court.  Bankruptcy Trustee

Charles Wells, III ("Trustee"), filed a brief in response to the appeal.  For the reasons set

forth below, this Court affirms the Bankruptcy Court's holdings in this case.

## I.    Background

A. The Chapter 11 Litigation Over Ownership of Hi Tech Fleet Service, Inc.

The bankruptcy proceedings are an indirect result of a divorce proceeding between

Ryszard and Wanda Wojtuniecki.  Ryszard and Wanda met in Poland and were married

in 1976.  In 1979, they immigrated to the United States.  In the following years, Ryszard

opened and operated a number of automobile repair shops, including Hi Tech Body Shop

Center, Inc., Hi Tech Body Shop, Reliable-Body Shop Truck-Trailer, Inc., Hi Tech Fleet

Service-X, Inc., and R W Building Investment, LLC.

In the mid-1990s, Wanda's mother, Helen Dargatz, moved from Poland to the United States to live with Ryszard and Wanda.  After Helen became ill, Ryszard and Wanda devised a plan so that Helen could get Social Security and Medicare benefits.  A new corporation, Hi Tech Fleet Services, Inc. was formed.  Although Helen did not contribute any skills or money to the corporation, Helen was named as the sole shareholder and president in the articles of incorporation.

In 2003, Ryszard and Wanda began experiencing serious marital problems.  On January 28, 2003, the same day that Wanda had Ryszard arrested on domestic violence charges, Wanda, acting through a power of attorney given to her by Helen, fired Ryszard from Hi Tech Fleet Services, Inc.  On February 12, 2003, Ryszard filed for divorce.

After Wanda fired Ryszard, who had been acting as the head mechanic, Hi Tech Fleet Service, Inc. fell into financial difficulties.  On November 5, 2003, Hi Tech Fleet Service, Inc., ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code.  On August 24, 2004, an Order for Relief under Chapter 7 of the Bankruptcy Code was entered.

Throughout the bankruptcy proceedings, Ryszard has claimed that he is the real owner of the capital stock of the Debtor.  Prior to and after the bankruptcy filing, Ryszard hired attorney Stephen H. Boak, and the law firm of Stephen H. Boak, PLLC, as his counsel.  During the divorce and bankruptcy proceedings, Ryszard also hired Richard Sands and Mr. Sands's company, RS & S International, LLC, as his private investigators.

On February 17, 2004, Ryszard and R W Building Investment filed a Motion for

Relief From Stay.  The Bankruptcy Court heard oral arguments on the motion on March

29, 2004, in connection with TCF National Bank's Motion to Dismiss Chapter 11 Case

and the Debtor's Motion to Set Aside Foreclosure Sale.  At issue was: (1) who owned the

Debtor; and (2) whether Ryszard had corporate authority to sign a deed to real property

on behalf of the Debtor.  At the hearing, on March 29, 2004, the Bankruptcy Court found,

in relevant part:

> The articles of incorporation for Hi Tech Fleet Service, Inc., clearly state that the
> incorporator is . . . Helena Dargatz.  She is the sole stockholder and the president
> of Hi Tech Fleet Service, Inc.  There weren't any other documents introduced to
> contradict the original articles of incorporation, and while there was all kinds of
> truly credible testimony about why Helena Dargatz was the incorporator, the
> bottom line is that as a matter of law, she is the president and owner of this
> corporation.  And while the Court believes that from 1995 until 2003 Mr.
> Wojtuniecki built up this business and put his money into the business, he never,
> as a matter of law, acquired a legal ownership interest.  The documents that were
> signed giving him such an interest were signed by him.  They were signed that –
> the documents that were introduced as evidence were not compelling to the Court
> or credible that Ms. Dargatz ever transferred her interest, and they certainly were
> never recorded with the State of Michigan, which is the ultimate determination
> as to whether there's been a transfer of a corporate interest.
>
> In 2003, Mr. and Mrs. Wojtuniecki began to experience marital problems.  In
> January of 2003, the building and real property of Hi Tech Fleet were transferred
> from Hi Tech Fleet to R W Investment . . . by quitclaim deed.  The problem with
> the deed is that the signatory as the grantor with authority to sign on behalf of Hi
> Tech Fleet is Mr. Wojtuniecki signing as the president.  He wasn't the president,
> and he didn't have the authority to sign this document and transfer this property
> to R W Building Investment.

> Consequently, the Bankruptcy Court denied Ryszard's Motion for Relief from Stay

and Granted the Debtor's Motion to Set Aside Foreclosure Sale.

   B.  The Post-Petition Stay Violations

   On October 26, 2004, Stephen H. Boak and his firm prepared and filed a First

3

Amended Complaint against Wanda, Helen, Andezej Mucha, and Hi Tech Fleet Serv Inc. in the Wayne County Circuit Court, on behalf of the following plaintiffs: Ryszard, Hi Tech Body Shop Center, Inc., Reliable-Body Shop Truck-Trailer, Inc., Hi Tech Fleet Service-X, Inc., and R W Building Investment, LLC. *Wojtuniecki, et al., v. Wojtuniecki, et al.*, No. 04-429652. However, "Hi Tech Fleet Serv, Inc." is not a separate legal entity. Rather "Serv" is just an abbreviated name of the Debtor. On February 7, 2005, Plaintiffs Ryszard, Hi Tech Body Shop Center, Inc., Reliable-Body Shop Truck-Trailer, Inc., Hi Tech Fleet Service-X, Inc., and R W Building Investment, LLC obtained a default judgment against Debtor in the amount of $23,015,202.72.

On May 11, 2005, Ryszard and Sands held a special meeting of the stockholders of the Debtor. At the meeting, Ryszard allegedly removed Helen Dargatz as an officer of the Debtor and appointed himself as president and director of Debtor. Sands participated in the meeting as assistant secretary of the corporation and appointed himself resident agent of the Debtor.

On May 13, 2005, Boak filed an Ex Parte Verified Motion for Temporary Restraining Order, Order to Show Cause, and Preliminary Injunction, asserting that Ryszard is the real owner of the Debtor. On May 16, 2005, Boak obtained an Order to Show Cause against Wanda, Dargatz, Mucha, and Hi-Tech Fleet Serv, Inc., requiring them to appear before Wayne County Circuit Court on May 19, 2005, to show cause why a temporary restraining order should not be made a preliminary injunction.

On September 23, 2005, and October 17, 2005, Boak prepared and signed, on behalf of Ryszard, Hi Tech Body Shop Center, Inc., Reliable-Body Shop Truck-Trailer, Inc., Hi

4

Tech Fleet Service-X, Inc., and R W Building Investment, LLC, a subpoena requiring

Elias T. Majoros, counsel for the Chapter 7 Trustee, to produce and permit inspection or

copying "any and all personal property records, but not limited to (See Attachments)

Titles, Registrations, Warranties, Certificates of Ownership, etc. and records belonging to

RW Collision, Motor Division, Hi Tech Body Shop, Reliable Body Shop, Hi Tech Fleet

Service-X and R W Building Investment including all other relevant documents in the

above captioned matter within three (3) days of receipt of the subpoena."  The subpoena

was served via facsimile by Sands.

On October 18, 2005, the Trustee send a letter to Boak and Sands demanding

retraction of the subpoena.  The subpoena has not been retracted.

On November 4, 2005, the Trustee filed a Motion to Enforce Automatic Stay and

Assess Sanctions and Costs Against Stephen H Boak, Stephen H. Boak, PLLC, Richard

Sands and RS & S International, LLC.  On November 14, 2005, Sands and RS & S

International, LLC, filed a response to the motion.  The Bankruptcy Court held a hearing

on November 29, 2005.  On December 2, 2005, the Bankruptcy Court entered an Order

Granting Trustee's Motion to Enforce Automatic Stay, Assessing Costs and Sanctions,

which stated:

> IT IS HEREBY ORDERED that Stephen H. Boak, Stephen H.
> Boak, PLLC, Richard A. Sands, RS&S International, LLC and
> Ryszard Wojtuniecki shall immediately cease and desist from
> filing corporate reports with any governmental agency in the
> name of Hi Tech Fleet Service, Inc.
>
> IT IS FURTHER ORDERED that the Amended Complaint filed
> on October 26, 2004 by Ryszard Wojtuniecki, Hi Tech Body
> Shop Center, Inc., Reliable-Body Shop Truck Trailer, Inc., Hi

5

Tech Fleet Service-X, Inc., and R W Building Investment, LLC against Defendant Hi Tech Fleet Serv, Inc. (Wayne County Circuit Court Case No. 04-429652-NO and the Default Judgment subsequently entered on February 7, 2005 in that case against Hi Tech Fleet Serv, Inc. are void. Both the filing of the Complaint and the entry of the judgment against Hi Tech Fleet Serv., Inc., violate 11 U.S.C. § 362.

IT IS FURTHER ORDERED that Stephen H. Boak, Stephen H. Boak, PLLC, Richard A. Sands, RS&S International, LLC and Ryszard Wojtuniecki shall immediately cause all pleading filed and judgments obtained against Hi Tech Fleet Serv, Inc. to be withdrawn within fifteen (15) days of the entry of this order. If this order is not complied with, the Trustee is awarded costs in the amount of $1,000.00, and punitive damages in the amount of $1,000.00, jointly and severally, against Richard A. Sands, RS&S International, LLC and Ryszard Wojtuniecki, pursuant to 11 U.S.C. § 362(h).

IT IS FURTHER ORDERED that if Stephen H. Boak and Stephen H. Boak, PLLC, file any future pleadings seeking recovery of assets from Hi Tech Fleet Service, Inc., or assets allegedly transferred by Hi Tech Fleet Service, Inc. to any other entity, the Trustee is awarded punitive damages in the amount of $1,000.00 against Stephen H. Boak and Stephen H. Boak, PLLC, pursuant to 11 U.S.C. § 362(h).

On December 9, 2005, Sands filed a Motion to Stay Order Pending Appeal. On January 3, 2006, the Bankruptcy Court held a hearing on Sands's motion. The Court denied the motion.

## II.   Standard of Review

28 U.S.C. § 158(a)(1), provides, "the district court of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees of Bankruptcy judges. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving."

The Sixth Circuit, in *In re Caldwell*, 851 F.2d 852 (6th Cir. 1988), set forth the applicable standard of review which district courts must apply in bankruptcy appeals.  As to conclusions of law, the district courts apply a de novo standard of review.  *Id.* at 857.  However, factual determinations which the bankruptcy court has made are subject to the clearly erroneous standard of review.  *Id.*  Only where there is the "most cogent evidence of mistake or miscarriage of justice," may the district court disturb a factual finding made by the bankruptcy court.  *Id.*

## III.   Discussion

Sands contends that the following findings of the Bankruptcy Court were erroneous: (A) The finding that Sands and/or RS & S International, LLC, had the authority under a durable power of attorney to act on behalf of Ryszard Wojtuniecki; (B) The Court's denial of Sands's Motion for Stay Pending Appeal; (C) The Court's Order that the Wayne County Circuit Court case filed by Plaintiffs Ryszard, Hi Tech Body Shop Center, Inc., Reliable-Body Shop Truck-Trailer, Inc., Hi Tech Fleet Service-X, Inc., and R W Building Investment, LLC, was void and in violation of 11 U.S.C. § 362; and (D) The Court's Order Granting Trustee's Motion to Enforce Automatic Stay, Assessing Costs and Sanctions.  The Court will address each of these issues separately.

### A.  The Finding that Sands Had a Durable Power of Attorney

Sands contends that he is not able to comply with the Bankruptcy Court's Order of December 2, 2005, because he is not an attorney and has no right to cause or to force Ryszard Wojtuniecki to dismiss his case before the Wayne County Circuit Court, Case No. 04-429652-NO.  At the hearing, on January 3, 2006, the following portion of the

durable power of attorney was read into the record, in which Ryszard gave Sands the

power: "To commence, prosecute, enforce or abandon, or defend, answer, oppose,

confess, compromise or settle all claims, suits actions or other judicial or administrative

proceedings in which I am or many hereafter be interested or in which any part, property,

right title, interest, or estate belonging to or claimed by me may be concerned."  (Jan. 3,

2006, Tr. at 5).  In addition, Sands admitted, "I do have Mr. Wojtuniecki's power of

attorney."  (Jan. 3, 2006, Tr. at 6).  Therefore, the Court does not believe that the

Bankruptcy Court erred when it found that Sands has a durable power of attorney, which

provides him with the power to comply with the Court's December 2, 2005 Order.

     B.  Order Denying Sands's Motion for Stay Pending Appeal

     Appellant's Motion for Stay Pending Appeal failed to set forth any factual basis in

support of the issuance of a stay pursuant to Bankruptcy Rule 8005.  The only argument

that Sands articulated in support of the issuance of a stay was that because he was not the

party in interest and because he is not an attorney, he is not in a position to comply with

the December 2, 2005 Order of the Bankruptcy Court.  When deciding whether to issue a

stay, a bankruptcy court must consider the following four factors: (1) the likelihood of the

appellant's success on the merits; (2) whether appellant will suffer irreparable injury

without the injunction; (3) the harm to others which will occur if the injunction is granted;

and (4) whether the injunction would serve the public interest.  *See In re Eagle-Picher*

*Indus., Inc.*, 963 F.2d 855, 858 (6th Cir. 1992).  As the Bankruptcy Court noted,

Appellant failed to satisfy the requirements for a stay.  (*See* Jan. 3, 2006, Tr. at 7).

Therefore, the Bankruptcy Court did not commit error when it denied Sands's Motion to

Stay Pending Appeal.

    C.  <u>Order Relating to Wayne County Circuit Court Case Plaintiffs</u>

Appellant Sands contends that the Bankruptcy Court erred in ordering that Plaintiffs Ryszard, Hi Tech Body Shop Center, Inc., Reliable-Body Shop Truck-Trailer, Inc., Hi Tech Fleet Service-X, Inc., and R W Building Investment, LLC's Wayne County Circuit Court Case No. 04-429652-NO Complaint and default judgment was void and in violation of 11 U.S.C. § 362. Section 362(a)(1) of the Bankruptcy Code provides, in pertinent part:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities of –
>
> > (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title . . . .

11 U.S.C. § 362(a).

Therefore, the action in the Wayne County Circuit Court against the Debtor violated the automatic stay. Accordingly, the Court does not believe that the Bankruptcy Court erred when, in its December 2, 2005 Order, it ordered that both the filing of the complaint and the default judgment violated 11 U.S.C. § 362.

    D.  <u>Order Granting Trustee's Motion to Enforce Automatic Stay, Assessing Costs and Sanctions</u>

Finally, Appellant Sands argues that the Bankruptcy Court erred in enforcing the

automatic stay and assessing costs and sanctions against Sands. As stated above, the

Court does not believe that the Bankruptcy Court erred when, in its December 2, 2005

Order, it ordered Sands to withdraw pleadings and the judgment previously filed against

Hi Tech Fleet Serv, Inc.–the abbreviated name of Debtor. In addition, in the Bankruptcy

Court's December 2, 2005 Order, it ordered that if Sands did not comply with the Order

and withdraw the pleadings and judgments in Case No. 04-429652-NO within fifteen

days of the entry of the December 2, 2005 Order, "Trustee is awarded costs in the amount

of $1,000.00, and punitive damages in the amount of $1,000.00, jointly and severally,

against Richard A. Sands, RS&S International, LLC and Ryszard Wojtuniecki, pursuant

to 11 U.S.C. § 362(h)."

Section 362(h) provides, in pertinent part: "An individual injured by any willful

violation of a stay provided by this section shall recover actual damages, including costs

and attorney fees, and, in appropriate circumstances, may recover punitive damages." *See

also In re Seal*, 192 B.R. 442, 455 (Bankr. W.D. Mich. 1996) (finding that violation of the

automatic stay in § 362 of the Bankruptcy Code is grounds for civil contempt, which may

include an award of compensatory damages, attorneys' fees and costs, and payment of

punitive damages); *but see Budget Serv. Co. v. Better Homes of Virginia*, 804 F.2d 289,

293 (4th Cir. 1986) (concluding that a finding of civil contempt is not required for the

imposition of sanctions under § 362(h)).

Because the Bankruptcy Court clearly ordered Sands to withdraw the pleadings and

judgments in Case No. 04-429652-NO within fifteen days of the entry of the Bankruptcy

Court's December 2, 2005 Order and because Sands had not yet complied with this Order

10

at the hearing on Sands's Motion for Stay Pending Appeal on January 3, 2006, the Court

does not believe that an assessment of costs and sanctions assessed against Sands

pursuant to 11 U.S.C. § 362(h) was in error.

Accordingly,

**IT IS ORDERED** that the following findings of the Bankruptcy Court are

**AFFIRMED**: (A) The finding that Sands and/or RS & S International, LLC, had the

authority under a durable power of attorney to act on behalf of Ryszard Wojtuniecki; (B)

The Court's denial of Sands's Motion for Stay Pending Appeal; (C) The Court's Order

that the Wayne County Circuit Court case filed by Plaintiffs Ryszard, Hi Tech Body Shop

Center, Inc., Reliable-Body Shop Truck-Trailer, Inc., Hi Tech Fleet Service-X, Inc., and

R W Building Investment, LLC, was void and in violation of 11 U.S.C. § 362; and (D)

The Court's Order Granting Trustee's Motion to Enforce Automatic Stay, Assessing

Costs and Sanctions.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Richard A. Sands
13162 Fordline St. Ste. B1
Southgate, MI 48195-2435

Elias T. Majoros, Esq.

11